**In re Leona M. ROACH, Debtor.**

**Leona M. ROACH, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. K88–338 CA9,**
**Bankruptcy No. GK 87–2655.**

United States District Court,
W.D. Michigan, S.D.

Dec. 29, 1988.

---

Edward Barton, Allegan, Mich., for appellant.

Daniel LaVille, Asst. U.S. Atty., Grand Rapids, Mich., for appellee.

## OPINION

HILLMAN, Chief Judge.

On September 1, 1987 the debtor, Leona M. Roach, filed her petition in bankruptcy. The court signed a preconfirmation order on October 9, 1987, directing the Veterans Administration to pay the trustee the sum of $200.00 each month from the debtor's benefits. The debtor's Chapter 13 plan was finally confirmed by the court on February 8, 1988, and on April 18, 1988 the debtor filed a motion to hold the Veterans Administration in contempt. The court below denied the motion in its opinion, *Matter of Roach*, 90 B.R. 286 (Bkrtcy.W.D.Mich. 1988). The debtor now appeals the decision of the bankruptcy court.

Since the issues in this appeal are issues of law, the court must exercise de novo review in this case. *In re Fasano/Harriss Pie Co.*, 71 B.R. 287, 290 (W.D.Mich.1987). Having reviewed the record on appeal and the parties' briefs, I find that the court below was correct in denying the debtor's motion.

I am satisfied that *Hildebrand v. Social Sec. Admin. (In re Buren)*, 725 F.2d 1080 (6th Cir.1984) *cert. denied*, 469 U.S. 818, 105 S.Ct. 87, 83 L.Ed.2d 34 (1984) controls the outcome of this matter. The Sixth Circuit in *Buren* examined a similar issue involving the conflict between the anti-assignment of social security benefits provision, 42 U.S.C. § 407, and the Bankruptcy Code provision allowing the entry of payment orders, 11 U.S.C. § 1325(c). The court found that the anti-assignment provision in the Social Security Act had not been impliedly repealed by Section 1325(c) and stated that "[t]he Supreme Court has held repeatedly that a 'cardinal rule' of statutory construction is that repeals by implication are disfavored." 725 F.2d at 1085.

I am satisfied that the anti-assignment provisions and the purpose of the statutes concerning Social Security benefits and V.A. benefits are nearly identical. I thus find that 11 U.S.C. § 1325(c), which authorizes a bankruptcy court to enter payment orders, did not impliedly repeal the anti-assignment provision in 38 U.S.C. § 3101(a), which precludes the assignment of benefits administered by the Veterans Administration. I am also satisfied that the debtor has not been denied equal protection of the laws under the Fifth Amendment. *See United States v. Kras*, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973). Accordingly, the decision of the bankruptcy court is affirmed.